UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )    Criminal No. 08-352 (PLF)
                                    )
MUSTAFAH MUHAMMAD,                  )
                                    )
        Defendant.                  )
_____ )


MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Mustafah Muhammad's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). The government opposes his motion. Upon consideration of the motion, the applicable law, and the entire record herein, the Court will deny the motion.[1]

I. BACKGROUND

On November 25, 2008, a grand jury indicted Mr. Muhammad on one count of unlawful possession with intent to distribute five grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count One) and one count of using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Two). On January 22, 2009, Mr. Muhammad pleaded guilty to one

---

[1] The relevant papers reviewed by the Court in connection with this motion include: Defendant's Section 3582(c)(2) Memorandum in Aid of Resentencing ("Mem."); the government's opposition to the motion ("Opp."); the plea agreement, dated January 15, 2009 ("Plea Agreement"); the Presentence Investigation Report ("PSR"), and the Judgment and Commitment, dated April 9, 2009 ("J & C").

count of unlawful possession with intent to distribute cocaine base, the lesser included offense of Count One, pursuant to a Rule 11(c)(1)(A) plea agreement. In exchange, the government agreed to dismiss Count Two and the greater offense of Count One. See Plea Agreement ¶ 3. On April 9, 2009, the Court sentenced Mr. Muhammad to a term of thirty months' incarceration and thirty-six months of supervised release. See J & C. This prison term imposed reflects an approximately 20 to 1 crack to powder ratio.

On September 1, 2009, the defendant filed a "Memorandum in Aid of Resentencing," asking the Court to resentence him according to a 1 to 1 crack to powder ratio. See Mem. at 2. The Court will treat the "Memorandum" as a motion for reduction of sentence. In support of his request, the defendant cites the April 29, 2009 testimony of Lanny Breuer, Assistant Attorney General, Criminal Division, United States Department of Justice, before the Senate Judiciary Committee, in which Mr. Breuer advocated completely eliminating the sentencing disparity between crack and powder cocaine. See Mot. at 6-7. The government opposes this motion, arguing that the Court does not have the authority to grant Mr. Muhammad a reduction in sentence. See Opp. at 3-4.

DISCUSSION

Under 18 U.S.C. § 3582(c), the Court may only modify a sentence when (1) the Bureau of Prisons makes a motion for such reduction based on extraordinary circumstances or on a defendant's advanced age; (2) the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; or (3) to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. See 18 U.S.C.

§ 3582(c); see also United States v. Morris, 116 F.3d 501, 504 (D.C. Cir. 1997). The Bureau of Prisons has not filed a motion for reduction of Mr. Muhammad's sentence. Nor has the United States Sentencing Commission lowered the guidelines sentencing range for the guideline under which Mr. Muhammad was sentenced. Nor does Mr. Muhammad suggest that he is qualified for a sentence reduction under Rule 35 of the Federal Rules of Criminal Procedure.

While the Sentencing Commission did amend the crack cocaine guidelines in 2007 and made the amendments retroactive in 2008, Mr. Muhammad's sentence was not based on a guidelines sentencing range that subsequently was lowered. Rather, after considering the applicable guidelines sentencing range for the amount of crack cocaine possessed by Mr. Muhammad, the Court varied from that range and imposed a non-guidelines sentence, using a 20 to 1 ratio. Thus, Mr. Muhammad does not qualify for a reduction based on the only possibly applicable authority for reducing his sentence, 18 U.S.C. § 3582(c)(2). See United States v. Burnette, 587 F. Supp. 2d 163, 164-66 (D.D.C. 2008). Furthermore, Congress had the opportunity to consider the sentencing disparity in its most recent session when it passed the Fair Sentencing Act of 2010. This law established a ratio of approximately 18 to 1 for crack to powder sentencing, effectively rejecting the Justice Department's recommended 1 to 1 ratio. See Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372.

For all of these reasons, it is hereby

ORDERED that defendant's motion to reduce his sentence under Section 3582 [24] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 23, 2010